AMOS D. BALL *et al. vs.* SIMON R. BALL *et al.*

NEWPORT—DECEMBER 8, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Probate Appeal.   Appeal Bond.*

A statute authorized a trial to be granted in all cases decided by any Probate Court wherein the party shall have neglected to prosecute his appeal according to law:—

*Held,* that the giving of an appeal bond to the town, and not to the Court of Probate of the town, was a mistake within the provisions of the statute.

(2)  *Construction of Statute.*

The words "neglect to prosecute according to law" contemplate cases in which a party attempting to appeal has made some mistake in proceedure.

APPEAL from a decree admitting to probate an instrument purporting to be a last will and testament, the appeal having been dismissed because of an imperfect appeal bond.   Heard on appellant's petition for a trial.

MATTESON, C. J. This is a petition for a trial.  Gen. Laws R. I. cap. 251, §§ 2 and 3, are relied on in support of the petition.   The sections are as follows :

"SEC. 2.   Whenever it shall be made to appear to the satisfaction of the appellate division of the supreme court, by any party or garnishee in a suit which shall have been tried or decided in the common pleas division of the supreme court, or in any district court, within one year previous to

such application, that by reason of accident, mistake, or any unforeseen cause, or for lack of newly-discovered evidence, judgment has been rendered in such suit on discontinuance, nonsuit, default, or report of referees, or that such party or garnishee had not a full, fair, and impartial trial in such suit, or, in case a trial has been had in such case, that a new trial therein should be had, such division may grant such trial or new trial upon such terms and conditions as it shall prescribe.

SEC. 3.    The appellate division of the supreme court may exercise the same powers in granting a trial in all cases as above, if no trial shall have been had therein ; and may exercise the like powers in granting a trial in all cases decided by any probate court or town council, wherein the party shall have neglected to prosecute his appeal according to law ; and may also in its discretion, and with or without terms, on the petition of the accused, who has failed to take the prescribed steps to obtain hearing on petition for new trial in the regular way, as herein provided, grant trials or new trials upon indictments or other criminal prosecutions in which verdict or judgment shall have been rendered against such petitioners : *Provided*, application therefor shall be made within one year after such cause shall have been tried or decided."

The petitioners represent that they are aggrieved by a decree of the Probate Court of New Shoreham admitting to probate an instrument in writing purporting to be the last will and testament of Simon R. Ball, deceased ; that they appealed from this decree and took the necessary steps to perfect their appeal, except that by mistake the obligee named in the appeal bond filed by them was the town of New Shoreham instead of the Court of Probate of New Shoreham ; that by reason of this defect in the bond the Common Pleas Division, on January 20, 1898, dismissed the appeal.

Adversely to the petition it is contended that the giving of the bond to the town of New Shoreham instead of to the Court of Probate of that town was a mistake of law, and that the statute authorizing the granting of a trial does not extend to cases of such mistakes.

We do not think that the objection is well taken. The statute extends in terms to cases in which a party "shall have neglected to prosecute his appeal according to law." (2) The words "neglect to prosecute according to law" evidently contemplate cases in which a party attempting to appeal has made some mistake in procedure. The mistake of law in the present instance is of this character; and such a mistake, however it may be in the case of other mistakes of law, is, we think, clearly within the provision of the statute. Such was the view taken in the unreported case of *Harris* v. *Earle*, Ex. No. 1370, decided at the April term (July 27th), 1889. This was a petition for a trial in which the petitioners had appealed from the decree of a Court of Probate confirming the report of commissioners on an insolvent estate instead of appealing from the judgment of the commissioners, as by the statute then in force was required. The appeal having been dismissed, as not prosecuted according to law, the petitioners thereupon petitioned for a trial under the provisions of Pub. Stat. R. I. cap. 221, § 8, of which Gen. Laws R. I. cap. 251, § 3, is a re-enactment. The petition was sustained and a trial granted. See rescript on file. A mistake in the (1) name of the obligee to whom an appeal bond should be given, arising from an erroneous construction of the statute, is as much a mistake of procedure as a mistake in an appeal from a decree of the court when the statute requires an appeal from the judgment of the commissioners, and it seems to us to be clearly within the remedy given by the statute. Our opinion is that a trial should be granted.

*George H. Huddy, Jr.*, for petitioners.
*Christopher E. Champlin*, for respondents.