ROY S. BARKER *vs.* BARKER ARTESIAN WELL CO.

MAY 31, 1923.

PRESENT:    Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  New Trial.  Bill of Exceptions.*

Where defendant had moved for direction of a verdict which was denied and after verdict for plaintiff on motion of defendant the trial court granted a new trial unless plaintiff within ten days from the filing of the rescript remitted a portion of the verdict, and plaintiff having taken no action up to the seventh day, on that day defendant filed notice of his intention to prosecute a bill of exceptions, the action of defendant is not inconsistent and his exception to refusal of his motion for direction of verdict will be considered.

*(2)  New Trial.  Bills of Exceptions.  Discontinuance of Appellate Proceedings.*

Where the trial court has granted defendant's motion for new trial unless plaintiff files a remittitur, the time for filing the remittitur exceeding the statutory time for filing notice of intention to prosecute a bill of exceptions and making payment of the estimated cost of transcript, the court may in its discretion permit a party who in good faith has filed such notice and paid the estimated cost of transcript, to discontinue further appellate proceedings and direct that the payment be returned to him.

*(3)  New Trial.  Bills of Exceptions.  Motion to Direct Verdict.*

Where a party has moved for the direction of a verdict which was denied and after verdict for the other party, has moved for a new trial which has been granted to him without conditions, he is still entitled to press his exception to the refusal to direct a verdict.  *Barstow v. Turner,* 29 R. I. 100, overruled.

*(4)  Contracts.  Intention.*

In contracts the intention of the parties prevails so far as the same can be ascertained and so far as it is consistent with the terms of the contract; and the contract should be reasonably construed whenever possible to accomplish the results the parties had in mind at the time of making it.

*(5)  Principal and Agent.  Contracts.  Compensation.  Breach of Faith on Part of Agent.*

Where under a contract between an agent and his principal either party could terminate it at will, and without notice, and the agent was to be paid a commission on contracts secured by him, to be determined on completion of each job, although in one aspect the contract between the parties might be regarded as a general one, yet, by its terms and by the understanding of the parties in regard to the right to compensation it was severable and the agent was entitled to recover for commissions earned up to the time he ceased to act in good faith for his principal; but after he acted adversely to the interest of the principal he forfeited any claim to compensation not yet earned, on contracts secured by him.

ASSUMPSIT.    Heard on exceptions of defendant and over-ruled.

STEARNS, J.    The action is in assumpsit on the common counts to recover compensation for services performed by plaintiff for defendant corporation.

The plaintiff made an oral contract with the treasurer of the defendant company to solicit business and assist in securing contracts for the defendant for the sinking of artesian wells.  Some of the terms of the contract are in dispute, but both parties agree that no time was fixed for the beginning or the end of the contract; the plaintiff was not bound to devote any specified amount of time to defendant's business and either party was entitled to terminate the relationship at will and without notice to the other party; the defendant was to pay plaintiff's traveling expenses whenever plaintiff was engaged in acting for the defendant; plaintiff was to receive no regular compensation but was to be paid a commission on a percentage basis on contracts secured by him or which he was in any way instrumental in securing on the completion of the work under each contract.  The practice was for plaintiff to submit the proposed contract to defendant, who had the right to accept or reject it.  The amount payable under any contract was indefinite and could only be determined on the completion of each job, as the price was determined by the number of feet the well was sunk in order to secure the desired amount of water.  Plaintiff claimed that he was entitled to 10% commission on all contracts which he had helped to secure. Defendant's claim was that he was only entitled to 10% on new business and, in cases where defendant first called plaintiff's attention to any prospective customer, the commission was to be 5%.

It is admitted that plaintiff secured certain contracts the work on which had been completed before suit was begun and before any alleged misconduct by plaintiff and that plaintiff had not been paid commissions on these contracts.

Some six months after the making of the contract of employment plaintiff, without giving any notice, discontinued his work for defendant and immediately began to work under a similar contract for a competitor of defendant, who was engaged in the same locality in the same line of business. There is evidence sufficient to warrant the finding, that plaintiff at once on making this change sought to secure for his new employer certain contracts which were before that time being sought for defendant. In explanation and attempted justification of this conduct, plaintiff claims that defendant had deceived him in regard to the fact of payment made on a certain contract, on which his commission was then due and unpaid.

The case was tried by a jury by whom a verdict of $1,450 was found for the plaintiff. Subsequently, on motion of defendant, the trial justice granted a new trial unless plaintiff within ten days from the filing of the rescript should remit all of the verdict in excess of $556. On the seventh day after notice of decision, defendant filed notice of its intention to prosecute a bill of exceptions, etc. (Chap. 298, Sec. 17, Gen. Laws.) Plaintiff failed to make remittitur and the case is now in this court on defendant's bill of exceptions.

The single exception urged is to the refusal of defendant's motion for the direction of a verdict. Plaintiff contends that defendant cannot be heard on this exception in his bill of exceptions as, by reason of defendant's motion in the Superior Court, a new trial has there been ordered, and relies on *Barstow* v. *Turner*, 29 R. I. 100.

The present case is different from the *Barstow* case in this respect. Although defendant finally secured the object of his petition, a new trial, yet this happened in consequence of the refusal of plaintiff to remit, rather than from the exclusive action of the trial justice. As plaintiff had been allowed a period of ten days in which to remit, it was impossible for defendant, the moving party, to know whether or not plaintiff would remit until after the time for giving notice of intention to file bill of exceptions (seven days) had

elapsed.   As plaintiff had taken no action up to the seventh day, defendant in order to protect its rights was then forced to take the statutory proceedings by filing notice and making payment for the estimated cost of the transcript.   Defendant, as thus appears, has not taken any inconsistent action, but on the contrary has followed the prescribed statutory requirements necessary for the protection of its rights and can not now be required to discontinue proceedings on bill of exceptions because of any subsequent conduct of the other party.

As the uncertainty in procedure thus made apparent may (2) occur in other cases, we think the trial justice in any similar situation may properly in the exercise of his discretion, on motion made therefor, permit a party, who in good faith has filed notice and paid in advance the estimated cost of transcript, to discontinue further appellate proceedings if he so desires and direct that the payment thus made be returned to such party.

But even if defendant had been granted a new trial without conditions, we think he would still be entitled to press in this court his exception to the refusal to direct a verdict.

In the *Barstow* case a motion to direct a verdict for defendant was denied; defendant took an exception and, after verdict for the plaintiff, filed a motion for a new trial on the ground that the verdict was against the evidence and this motion was granted.   Defendant's bill of exceptions contained but one exception, which was to the refusal to direct a verdict on the ground that there was no evidence to prove the allegation of deceit and defendant claimed that he was entitled not merely to a new trial but to have judgment entered in his favor.   The exception was overruled and it was held that, as defendant had already secured a new trial, an exception based on the same ground on which the new trial was claimed and granted would not be considered on bill of exceptions as it must be considered that such exception had been waived.   We have examined the papers in the *Barstow* case and find the record is in certain respects lacking

in clearness.   In defendant's bill of exceptions, it is alleged
that the court's refusal to direct a verdict for defendant was
erroneous "and that said error entitles him not merely to
new trial, but rather to a judgment entered in his, said
plaintiff's behalf."   The court treated the exception as
directed simply to the question of the weight of the evi-
dence.   The claim of right to an entry of judgment for the
defendant was not properly made, as defendant by inad-
vertance as a matter of fact asked for entry of judgment for
plaintiff, the other party.   What influence, if any, this defect
in the bill of exceptions had on the decision does not appear;
but either for this, or some other reason, the claim for entry
of judgment was not considered by the court.   In *Malafronte*
v. *Milone*, 33 R. I. 460, it was held that the doctrine of
*Barstow* v. *Turner* was restricted to cases of a similar nature.
Defendant in the present case has raised two distinct and
different objections (a) by a motion to direct a verdict and
(b) by motion for a new trial.   On the motion to direct a
verdict, the question is not on the weight of the evidence, but
simply is there sufficient legal evidence to require submission
of the case to the jury.   On the motion for a new trial, how-
ever, the question then raised is as to the weight and pre-
ponderance of the evidence.   Assuming that there is no
evidence at all to support the verdict or, in other words, the
case is one in which a verdict should have been directed, the
only relief after a verdict in the power of the trial court to
give, is to grant a new trial.   But the moving party thereby
has so far only secured partial relief by the avoidance of an
unwarranted verdict.   His claim of right to have a verdict
directed (an entry of judgment in his favor) was not and
could not be passed upon by the trial court on the motion
for a new trial but can only be decided by this court.   By
asserting and securing in the trial court his legal right to a
new trial, he has not thereby waived his right to assert
another and different right in this court and to secure the
complete relief to which he is entitled, namely, the entry of
judgment in his favor on exception to the sufficiency of the

evidence. In such a case on bill of exceptions this court will, as on any bill of exceptions, (Gen. Laws, Chap. 298, § 22) consider the right to entry of judgment for the party prosecuting the exceptions when there is no evidence to support the verdict. *Barstow* v. *Turner* is overruled. The basis of defendant's claim of right to have a verdict directed was that plaintiff was an unfaithful agent and consequently was not entitled to recover any compensation whatever on any of the contracts he had secured for defendant. The trial justice charged the jury that plaintiff could not recover commissions on any contracts that were closed after plaintiff began to work for a competitor of defendant, and could only recover on contracts completed before that time. The jury failed to follow the instructions of the court but gave a verdict for the commissions on all contracts.

On the main question in issue there is little, if any, authority directly in point. An agent is bound to be loyal to his principal and to act in good faith toward his principal. As a general rule, an agent who has been guilty of fraud, either by misrepresentation or concealment of material facts from his principal, or of other serious misconduct in the transaction of the principal's business, is not permitted to recover any compensation for his services, even though the principal may have derived some benefit from the services (4) rendered. The right of the agent to recover any compensation is denied on the ground of public policy. While recognizing the necessity and validity of this general principle we think, in the circumstances, plaintiff is not thereby precluded from any recovery at all. In all contracts the intention of the parties prevails so far as the same can be ascertained and so far as it is consistent with the terms of the contract, and the contract should be reasonably construed whenever possible to accomplish the results the parties had in mind at the time of making it. In the present case the right of plaintiff to compensation earned by him in several different and distinct transactions was definite and settled. There was no relation between these claims for work com-

pleted and any subsequent wrongdoing by the agent, and plaintiff was under no obligation to continue to work for defendant.   If he did undertake to make new contracts his rights to compensation therefor were dependent on work thereafter done.   Although in one aspect the contract between the principal and the agent may be regarded as a general contract yet by its terms and by the understanding of the parties, we think in regard to the right to compensation the contract was severable and that plaintiff was entitled to recover for commissions earned up to the time he ceased to act in good faith for his principal; after that time, the interest of the agent was opposed to that of his principal. He then began to act adversely to the interest of his principal and thereby should be held to have forfeited any claim to compensation not yet earned.

Defendant claims that, as the relation of principal and agent is one involving trust and confidence, to allow the plaintiff to recover any commissions at all, is contrary to public policy as the agent is thereby permitted to retain the advantage of his unfaithfulness while the innocent principal is compelled to suffer all of the disadvantages of such conduct.   If this was the effect of the rule of law as applied in the case at bar, it would furnish a strong argument against its soundness.   But such is not, in our opinion, the result. As already stated, the commissions which plaintiff is entitled to recover are not connected with or tainted by any misconduct on the part of the agent.   By denying to the agent any right to a commission not fully earned at the time of his breach of faith, the agent thereby loses his interest in a possible commission and to that extent the principal, if he later closes the contract, derives some benefit at the expense of the agent.   The primary object of such a rule is to secure good faith in the agent and to punish an unfaithful agent rather than to benefit his principal; to discourage unfaithfulness on the part of the agent and, so far as is reasonable, to inflict the loss arising from such misconduct on the guilty rather than the innocent.   There was no error in the refusal to direct a verdict.

The exceptions of defendant are overruled and the case is remitted to the Superior Court for a new trial as ordered the Superior Court.

*Charles H. McKenna, Alfred H. O. Boudreau,* for plaintiff.
*Green, Curran & Hart,* for defendant.