A. H. DONDERO vs. STANDARD EMBLEM COMPANY.

JUNE 27, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)   *Principal and Agent.   Right to Commissions.*

Where an agent had not contracted to serve his principal for any specified time and was working on a commission basis he was entitled to commissions which were due and unpaid at the time he ceased to act in good faith for, his principal.

(2)   *Principal and Agent.   Right to Commissions.   Diversion of Orders.*

Where an agent had not contracted to serve his principal for any specified time and was working on a commission basis, and had begun negotiations with prospective customers before terminating his relation with principal, if such orders were not obtained until after agent acting in good faith severed his connection with his principal, agent had the right to renew negotiations with his former prospective customers and turn over such orders to other manufacturers, and request to charge that under such circumstances principal was entitled to the profits it would reasonably have made on such orders was properly refused.

(3)   *Principal and Agent.   Guaranties.*

Where an agent in response to request of his principal for references in regard to a new customer wrote principal, "I am willing to guarantee this account" in the absence of evidence showing a custom between the parties for principal to ship goods on the credit of agent when there was a question as to the credit of a customer, or evidence tending to show the language used by agent had other meaning than its natural meaning, its ordinary meaning amounted to no more than an offer of guaranty, which was not accepted.

(4)   *Guaranty.   Extension of Time.*

Where without consent of guarantor, creditor accepts a note thereby extending the credit originally given the debtor, the guarantor is discharged.

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

RATHBUN, J.   This is an action in assumpsit to recover commissions earned by securing orders for goods to be manufactured by the defendant.   The trial in the Superior Court resulted in a verdict for the plaintiff for $1,700.   The trial justice in passing upon the defendant's motion for a new trial refused to disturb the verdict of the jury that the defendant was liable but held that the amount of damages

awarded was not supported by the evidence and granted a new trial unless the plaintiff should remit all damages in excess of $1,297.91. The plaintiff filed a remittitur and the case is before us on the defendant's exceptions to the refusal of said justice to grant a new trial without condition; also on certain exceptions of the defendant taken during the trial.

The defendant pleaded in set-off that the plaintiff was indebted to the defendant in the sum of $2,698.09 with interest thereon, in accordance with a statement annexed. The statement contains charges against the plaintiff to the amount of $1,448.03 for profits which the defendant contends were lost by the defendant by reason, as the defendant contends, of the plaintiff's unfaithful conduct in diverting to other manufacturers orders taken by the plaintiff while he was exclusively in the employ of the defendant. Said statement also contains a charge against the plaintiff, as follows: "Balance due on merchandise delivered to the Private Soldiers and Sailors Legion, Washington, D. C.—on the credit of and by agreement with plaintiff for 10,000 Gold Plate and Enamel Screw Back Buttons $1250.61."

The parties do not agree as to the date on which the plaintiff severed his connection with the defendant. On April 7, 1920, the plaintiff wrote the defendant, stating that unless he received checks within forty-eight hours for money due him he would sever his connection with the defendant. On April 9, 1920, he wrote to the defendant as follows: "I informed you on April 6th that within forty-eight hours after receipt of letter if check was not forwarded that I would terminate my connection with your firm. I estimated that at that time with delivery of letter to you that it would be Saturday morning. If I have no advice by Saturday morning, that check has been forwarded, I terminate my connection." The plaintiff received no reply to this letter and on April 12, 1920, he wrote the defendant saying, "Your people of course understand that I terminated my connection with the firm on Saturday." Notwithstanding these letters the defendant contends that the plaintiff continued to remain

for several days thereafter in the defendant's employ and that the defendant was entitled to the benefit of the orders taken in the meantime by the plaintiff.   We think the jury was warranted in finding that the plaintiff terminated his employment with the defendant before the orders in question were taken.

The defendant excepted to the refusal of said justice to instruct the jury as follows:   "If the jury find that during the period of the agency of the plaintiff with the defendant as principal, the plaintiff violated the terms of his employment agreement, and fraudulently diverted to others contracts intended for the defendant, or negotiated for the defendant, then the plaintiff has forfeited his right to compensation or commission from the defendant."   The request was too broad.   The plaintiff had not contracted to serve the defendant for any specified time.   He was working on a commission basis and had earned commissions which were due and unpaid at the time when, as the defendant contends he became unfaithful to his employer.   The same legal question was raised in *Barker* v. *Barker Artesian Well Co.* 45 R. I. 297.   The court, speaking through Mr. Justice Stearns, said:   "Although in one aspect the contract between the principal and the agent may be regarded as a general contract yet by its terms and by the understanding of the parties we think in regard to the right to compensation the contract was severable and that plaintiff was entitled to recover for commissions earned up to the time he ceased to act in good faith for his principal; after that time, the interest of the agent was opposed to that of his principal.   He then began to act adversely to the interest of his principal and thereby should be held to have forfeited any claim to compensation not yet earned."

The defendant excepted to the refusal of the trial justice to instruct the jury to the effect that if the jury should find that the plaintiff, while in the employ of the defendant, began negotiations with prospective customers for orders and later, after terminating his employment with the defendant,

(1)

(2)

secured the orders and diverted them to other manufacturers, then the defendant would be entitled to the profits it would have reasonably made on such orders. No authorities are cited to support this request. The plaintiff was working on a commission basis and had the right to leave the defendant's employment whenever he desired. If the orders in question were not obtained until after the plaintiff, acting in good faith, severed his connection with the defendant, the plaintiff had the right to renew negotiations with his former prospective customers. The rule is stated in 2 *Corpus Juris*, page 714, as follows: "The . . . rules as to good faith and loyalty do not apply after the agency has been fully terminated. As a general rule, after one has performed his office as agent or has in good faith severed his relations as agent, he is free to take up negotiations for his own interest, and can act adversely to his former principal as fully as any other person."

The defendant excepted to the ruling of the trial justice that the defendant was not entitled to a credit of $1250.61, (3) the balance due for goods shipped to the Private Soldiers' and Sailors' Legion. The defendant contends that the goods sold to said Legion were, by agreement between the plaintiff and the defendant, shipped on the credit of the plaintiff. After the order for said goods was taken by the plaintiff the defendant wrote to the plaintiff as follows: *Re* Job # 40,001 Order # 4,001 Private Soldiers' & Sailors' Legion. In reference to the above order, would say the tools for same have been completed and work is now in process in our factory. We fully expect to be able to ship 2000 of these on January 24th. As this is a new organization with which we have had no previous business dealings, we are going to ask if you can secure for us references as to their ability to meet their obligations."

To the above communications the plaintiff wrote giving certain information relative to said organization and stated "I am perfectly willing to guarantee this account." The defendant contends that the jury should have been permitted

to determine whether the plaintiff became directly liable for said account. Had it appeared that it was the custom of the dealings between the parties for the defendant to ship goods on the credit of the plaintiff when there was a question as to the customer's credit or had there been other testimony tending to show that the language used by the plaintiff and now relied upon by the defendant had other meaning than the natural and ordinary meaning of the language a different question might be presented. If the language is given its ordinary meaning it amounts to no more than an offer to guarantee the account. The plaintiff was not notified that the offer was accepted. The defendant did not reply to the plaintiff's letter in which he used the language relied upon by the defendant and the defendant did nothing tending to show that the offer was accepted unless it can be said that a shipment of the goods amounted to an acceptance. However, it is admitted that the defendant accepted a note and thereby, without the plaintiff's consent, extended the credit originally given to the customer. Under such circumstances the extension of the time for payment beyond that originally fixed between the creditor and the principal debtor discharges the guarantor. *Hartwell & Richards Co.* v. *Moss,* 22 R. I. 583; 28 *Corpus Juris.* 1001.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as reduced by the trial court.

*Hinckley, Allen, Tillinghast & Phillips.   Abbott Phillips, Clifford A. Kingsley,* for plaintiff.

*Fitzgerald & Higgins, Laurence J. Hogan,* for defendant.