UNION FABRICS CORPORATION *vs.* TILLINGHAST-STILES COMPANY.

JUNE 3, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, J.J.

Moss, J. This action in assumpsit is now before us on a petition filed by the plaintiff, under general laws 1923, chapter 347, sec. 3, for leave to file and prosecute a bill of exceptions. This petition was filed seven weeks after the entry of a judgment in the superior court for the plaintiff for one dollar damages, in accordance with the verdict. of a jury.

Such leave is sought by reason of the following language of the section mentioned: "When any person is aggrieved

by any order, decree, decision, or judgment of the superior court . . . , and from accident, mistake, unforeseen cause, or . . . , has failed . . . to file or prosecute a bill of exceptions, . . . the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow . . . a bill of exceptions . . . to be filed and prosecuted, upon such terms and conditions as the court may prescribe." The failure of the plaintiff to file a bill of exceptions in this case, within the period limited by the statute which regulates the procedure for having decisions of the superior court reviewed by this court on bills of exceptions, is claimed to have been from accident, mistake or unforeseen cause, under the following circumstances.

The case was tried before a jury in the superior court, and among exceptions taken by the plaintiff at the trial were several to portions of the charge given by the trial justice to the jury and to refusals by him to charge the jury as requested by the plaintiff. At the close of the trial the jury returned a verdict, as above stated, for the plaintiff for one dollar damages. The plaintiff thereupon filed a motion for a new trial on the grounds that the verdict was against the law; that it was against the evidence; and that the damages were grossly inadequate. This motion was heard before the trial justice, and on January 24, 1935, it was granted in a rescript filed by him.

The defendant then, within the statutory period of seven days after notice of this decision had been given, filed an exception to the decision and a notice of its intention to prosecute a bill of exceptions to this court, and otherwise complied with the statute. Thereafter, in due course, it filed its bill of exceptions and transcript of the evidence, which were duly allowed and transmitted to this court. The plaintiff, however, did not before the expiration of the seven days, or indeed at any time, file any notice of intention to prosecute a bill of exceptions on any of the exceptions which it had taken.

The result was that when the defendant's bill of exceptions reached this court and the case came before us for hearing on the bill and transcript, we had no exception before us, except the defendant's exception to the decision of the trial justice in granting a new trial, its other exceptions having been abandoned. Therefore, we could not consider, in any way, any exception which the plaintiff had taken. After the hearing before us, we held that the only exception before us must be sustained, for reasons which were stated fully in our opinion. *Union Fabrics Corp.* v. *Tillinghast-Stiles Co.*, 58 R. I. 190, 192 A. 205. The case was therefore remitted to the superior court for entry of judgment on the verdict; and judgment was there entered accordingly on May 19, 1937.

The plaintiff, in support of its present petition, has contended before us that instead of reversing the decision of the trial justice in granting a new trial, we ought to have sustained it, because, if the jury had been correctly instructed on the law, a verdict for nominal damages would have been against the law and the weight of the evidence. In support of this contention it relies upon what it calls "the oft reiterated rule . . . that if the decision of the trial justice on a motion for a new trial reaches the right result, it will not be disturbed even though reached through faulty reasoning or mistake of law."

Properly understood, the rule is correct, but it does not apply to a case where a verdict has been set aside by the trial justice and the ground urged in this court for sustaining his decision is that if the jury had been correctly instructed on the law, the verdict would have been against the law and the evidence. We have shown in our former opinion that we could not consider the question of the correctness of the law as stated to the jury in the charge, because that question had not been brought before us by a bill of exceptions by the plaintiff. Nor had the trial justice the power to pass upon that question in deciding on the

motion for a new trial. Moreover, even if the contention might have been a proper one to urge before us at the former hearing or in support of a motion for a rehearing, it is not a proper one to be presented in support of the petition now before us.

Indeed, by filing the petition, the plaintiff virtually admits that it cannot get a new trial of the case, unless it can do so by reason of a decision by this court that at the trial in the superior court the trial justice committed error which was prejudicial to the plaintiff; and it admits that it cannot bring the question of such error before this court, unless it can do so on a bill of exceptions. It does not deny that under the statute regulating the practice upon bill of exceptions it could, within a period of seven days after notice was given of the decision of the trial justice granting its motion for a new trial, have filed a notice of intention to prosecute a bill of exceptions and filed a request for a transcript, etc., and could thereafter have had the bill and transcript allowed and transmitted to this court.

It is well settled that this procedure could have been followed by the plaintiff; that, if it had been followed, we should have had before us, for hearing and decision, the exceptions of both parties; and that then, irrespective of our decision on the defendant's exception to the granting by the trial justice of the plaintiff's motion for a new trial, we should have had the power to order a new trial or make other appropriate decision on the plaintiff's bill of exceptions, if we found, therein specified, error prejudicial to the plaintiff which had occurred at the trial. *Newhall* v. *Egan,* 28 R. I. 584, 68 A. 471. See also *Barker* v. *Barker Artesian Well Co.,* 45 R. I. 297, 121 A. 117.

There is nothing in the plaintiff's petition now before us to indicate that its failure to take the proper procedure for bringing its own exceptions before this court was due to any cause except its confidence, and that of its attorneys, that this court would not, on a bill of exceptions by the

defendant, reverse the decision of the trial justice in granting the plaintiff's motion for a new trial. It is stated in the petition that the defendant filed its notice of intention to prosecute a bill of exceptions, etc., on the last day within which this could be done, but there is nothing to indicate at what time on that day the filing took place or that the plaintiff was in any way misled because it did not take place earlier.

The plaintiff's failure to follow the statutory procedure, which was proper and necessary in order to preserve its exceptions and bring them before this court for decision, was not due to any accidental cause. It may be said to have been a mistake in the broad sense of that term, but, if so, it was apparently a mistake in being so sure that the trial justice was right in his decision that it did not appreciate the danger that this court might find that he was clearly wrong. There was not involved any element of forgetfulness, ignorance, want of intelligence, haste, illness or other element of a similar nature, such as in some cases has been treated as an excuse for not taking in proper time some required step in legal procedure.

On the contrary, everything indicates that the absence of any steps by the plaintiff to file and prosecute a bill of exceptions was the result of deliberate, unhurried and intelligent choice, with full knowledge of all material facts involved. In our opinion, there was no element of mistake or unforeseen cause, as those terms are used in the statutory provision on which the petitioner now relies. We have considered the cases cited and relied on by the petitioner and have not found among them, or elsewhere in reports in Rhode Island cases, any case which in our judgment supports this petition. All the authority in this state upon the point appears to us to be to the contrary.

The petitioner contends that the statutory provision should be treated as covering this situation, because "its mistake was a mistake of procedure." But it was a failure

to follow a requirement set forth in a statute regulating the procedure for bringing the rulings and decisions of the superior court before this court for review. The jurisdiction of this court under such a statute depends upon compliance with the requirements of the statute, which should be construed strictly, subject only to the requirements of justice in exceptional cases under the statutory language above quoted.

The petitioner, in support of its contention that the relief sought by it should be granted, because its mistake was one solely of procedure, cites the opinion of this court in *Ball* v. *Ball,* 21 R. I. 90, 41 A. 894. In that case the statute involved gave the appellate division of the supreme court very broad and general powers "in granting a trial in all cases decided by any probate court or town council, wherein the party shall have neglected to prosecute his appeal according to law;" and only noncompliance by the petitioner with the statutory requirements for taking an appeal from the decision of a court of probate of the town of New Shoreham was that by mistake his appeal bond was made to run to the town instead of to the court of probate of the town.

The court then very properly held that this comparatively small mistake made in drawing the bond, when an appeal and bond were filed and the intent was clear to file a *proper* bond, should not prevent the petitioner from having his case heard on appeal. The distinction is obvious and fundamental between such a mistake as the one made by the petitioner in that case and the deliberate choice by the plaintiff in the instant case not to take any steps to bring before this court for review, on a bill of exceptions, the rulings of the trial justice to which it had taken exceptions at the trial.

We are of the opinion that in the instant case the plaintiff did not fail to file a bill of exceptions from accident, mistake or unforeseen cause, within the meaning of G. L.

1923, chap. 347, sec. 3; and that it would be entirely unreasonable to give the section such a broad scope as to make it cover such a case.

The plaintiff also contends, however, that if its petition is not maintainable under that section, it should be treated as if it were a petition under sec. 2 of the same chapter, which provides, in substance, that in any action in which a trial has been had which was not "full, fair and impartial", this court may order a new trial, upon a petition filed by a party within one year after the verdict or decision in the superior court.

Waiving the question whether this petition can properly be treated as if it were based on sec. 2, we are of the opinion that no such ground, as is there required, appears in this case, since there is nothing to show that the trial was not "full, fair and impartial." All that the plaintiff contends, in this connection, is that the trial was not fair, because of prejudicial errors made by the trial justice in charging the jury. Even if such errors were made, they would not make the trial "unfair", within the meaning of the section in question. Exceptions were taken by the plaintiff to these alleged errors and it had its simple remedy therefor by coming to this court on a bill of exceptions, and that remedy was not in the least interfered with. The plaintiff simply chose not to avail itself of that remedy. Moreover, the petition was too late to be brought under sec. 2. For these reasons the plaintiff is not entitled to the extraordinary remedy of the granting by this court of a new trial under that section.

The plaintiff's petition is denied.

*Walling & Walling, Ambrose W. Carroll,* for petitioner.

*Tillinghast, Morrissey & Flynn, Daniel H. Morrissey, John M. Dunn,* for defendant.