WILLIAM H. PAGE *et al. vs.* JOSEPH T. AVILA *et als.*

MARCH 18, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J.   This is an action in assumpsit brought by a firm of New York attorneys against the defendants, residents of this state, to recover compensation for legal services.

The trial in the superior court resulted in a verdict for the plaintiffs in the sum of $3,200.   The case is before us on exceptions of the defendants to the admission of evidence,

to instructions to the jury and to the denial of their motion for a new trial. The defendants' main contention is that the verdict is excessive.

The services in question were rendered by the plaintiffs in a dispute between two corporate groups over certain patent rights and included attempted corporate meetings, consultations, oral and written communications, and some incidental court proceedings.

The plaintiffs were retained on or about June 1, 1931. Between that date and September 1 of that year considerable activity was advised, decided upon and carried out in behalf of the defendants. Negative results of a substantial nature followed after the first of September. From then on to December 18, 1931, the plaintiffs directed their attention mainly to a consideration of future prospects and possibilities.

The defendants paid the plaintiffs upon request a total of $2,000 for services rendered up to September 1, 1931. The claim in this case is confined to compensation for services from September 1 to December 18, 1931.

Under date of November 19, 1931, the plaintiffs sent defendants a bill, including disbursements, in the sum of $2,023.60. On December 29, 1931, they sent another bill, which, with additional charges and expenses, amounted to $2,843.21. After objection and nonpayment of this bill, the plaintiffs brought suit.

From the testimony of Richard M. Page, the attorney who actually dealt with the defendants, it appears that the plaintiffs claim compensation for three hundred forty-nine and one half hours of legal services at $10 an hour, plus a stenographer's charge of one hundred fifty-five and three-fourths hours at the rate of $1.50 an hour. He now takes the position that inasmuch as the bill of December 29, 1931, was not paid, the plaintiffs are entitled to recover for the time and at the rate stated.

The bills of November 19 and December 29, 1931, are general in character and contain no specification either of

the time consumed in defendants' behalf or of the basis upon which the charge is made. Moreover, no claim was ever made before the bringing of this suit for stenographic services.

The record is clear that an appreciable part of the time charged against the defendants was used by office subordinates in looking up law, and that after September 1, the plaintiff, Richard M. Page, spent not more than four and one half hours "in court" for the defendants. This short period includes the time consumed in going from and returning to his office.

William H. Smith, an attorney called as an expert witness by the plaintiffs on the question of reasonable charges, testified on cross-examination that he was a former associate of the plaintiffs and had been entrusted by Richard M. Page to represent the defendants in a mandamus hearing held prior to September 1, 1931. He set the price of $10 an hour for legal services and $1.25 or $1.50 an hour for the stenographer because the plaintiffs had advised "those people with reference to attacks by gangsters and police court work." He further stated that when the services were "negotiating contracts and closing contracts, work of that type, we sometimes charge five dollars an hour."

The plaintiff Richard M. Page admits that the defendants were neither gangsters nor did they adopt gangster methods. Two are business men in this state, and the third, Mr. D'Oliveira, is vice-consul for Portugal in Providence. The case as a whole presents nothing more than a conflict of business interests over certain patent rights of doubtful value.

It is fair to assume that when the plaintiffs prepared and sent their bill of December 29, 1931, they intended to make a reasonable charge for all services and disbursements. The defendants impliedly conceded at the trial and openly admit before us that something is due to the plaintiffs, but object to the payment of a sum based upon extra charges and improper rate.

An attorney is entitled to receive for his professional services what he reasonably deserves for the same in accordance with the charges for any given type of work prevailing in the community in which the services are rendered, having due reference to the nature of the service, his standing and experience, the questions of law involved, the diligence shown, the actual labor performed, and the result obtained. *Gorman* v. *Banigan*, 22 R. I. 22.

On a motion for a new trial there is presented to the trial justice the question of whether the jury's verdict does justice between the parties. It is his duty to review the evidence in the light of the jury's finding and to exercise his independent judgment as to liability and damages. *Surmeian* v. *Simons*, 42 R. I. 334; *Cartier* v. *Liberty Laundry, Inc.*, 49 R. I. 12. The damages as fixed by the jury are not to be permitted to stand without serious consideration by the court even though liability is admitted or clearly proven. When complicated and conflicting facts are in issue it is advisable, even though not required except in case a new trial is to be granted, that the trial justice briefly state the reasons for his conclusions so that the parties in interest and this court may know the grounds for his decision.

We have had only the transcript of the evidence to assist us. Construing the conflicting testimony most favorably in behalf of the plaintiffs and allowing their claim of three hundred forty-nine and one-half hours for every kind of legal services at the same rate of compensation, we find that a charge of $5 an hour is ample and more fairly supported by the evidence. In view of the plaintiffs' attitude towards stenographic charges previous to the bringing of this action we see no reason to allow their claim to such charges now. The plaintiffs are entitled to their disbursements in the sum of $93.21.

After a careful consideration of all the evidence, we are of the opinion that the jury's verdict of $3,200 is markedly excessive. The defendants' exception to the denial of their motion for a new trial on the ground of excessive damages

is sustained. Having reached this conclusion, we deem it unnecessary to consider the remaining exceptions urged by the defendants.

The plaintiffs, however, should be given an opportunity to remit whatever sum is found excessive. On the basis of three hundred forty-nine and one half hours at the rate of $5 an hour the plaintiffs would be entitled to $1,747.50 for legal services. We fix this figure at $1,800 in order to fully compensate the plaintiffs for the short time which the plaintiff Richard M. Page spent in court for the defendants. To this sum of $1,800 we add $93.21 for disbursements, making a total of $1,893.21.

The case is remitted to the superior court for a new trial unless the plaintiffs shall file in the office of the clerk of the superior court on or before March 28, 1935, their remittitur of all of the verdict in excess of $1,893.21. If such remittitur shall be filed as aforesaid the superior court is directed to enter judgment for the plaintiffs for $1,893.21.