## LAURA I. GREENE *vs.* RHODE ISLAND COMPANY.

### JULY 9, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(*1*)   *Trial.   Reopening Case in a Personal Injury Action.*

The trial court could in the exercise of a reasonable discretion permit a case to be reopened after both parties had rested and defendant had completed his argument and plaintiff had made a portion of his argument, for the purpose of permitting plaintiff to offer the testimony of a witness, who had been under summons by defendant, but was not called, and where plaintiff had no knowledge of the existence of such evidence until that time.

(*2*)   *New Trial.   Verdict Contrary to Law.*

On a motion for new trial before the trial court, on the ground that the verdict is contrary to law, the only question open for its consideration is whether the jury accepted and followed the law as stated by the court at the trial.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant and overruled.

BAKER, J.   This is an action of trespass on the case for negligence brought to recover damages sustained by the plaintiff while boarding one of the defendant's electric cars on Cranston street, in the City of Providence, on January 21, 1913.   The case was tried in October, 1914, when the jury returned a verdict in favor of the plaintiff and assessed the damages in the sum of $8,000.   The defendant filed a motion for a new trial which was denied.   To this decision the defendant excepted and the case is before this court on its bill of exceptions.

The bill contains four exceptions.   The first exception was taken to the ruling of the trial judge in permitting the reopening of the case after both sides had rested and after the attorney for the defendant had completed his argument to the jury and the plaintiff's attorney had made a portion of his argument, and in then allowing one James B. Cunningham to testify in behalf of the plaintiff.   The introduction of this testimony happened in this wise.   Cunningham had been in court under summons by the defendant, but was not called as a witness.   When the trial had proceeded to the point above stated, the court adjourned for the day.   Cunningham

2

(1) then spoke to the attorneys for the plaintiff and informed them that he was a witness of the accident and knew all of the circumstances; that he had been under summons by the defendant and had not been called upon to testify. One of the plaintiff's attorneys made affidavit to these facts, expressing the belief that Cunningham was a material witness and saying also that neither he nor his associate had any knowledge of the existence of the witness until they learned of the fact in the manner stated. When the court came in on the following morning plaintiff moved to reopen the case. The court granted the motion and at the same time informed the defendant's attorney that opportunity would be given him to meet this testimony if he desired to do so, and that he might have the same time to argue to the jury as if the case had never been argued.

We think the granting of the motion was a proper exercise of the discretion of the trial judge. This discretion as to the reopening of a case has been extended to the admission of evidence "offered during and after argument and even after the cause has been submitted to the jury." Abbott's Trial Brief Civil Jury Trials, 2d Ed. page 123 and cases cited. In *Case* v. *Dodge*, 18 R. I. 661, the plaintiff was permitted to introduce in evidence the statutes of another state during the charge of the court to the jury. This exception is overruled.

(2) The remaining so-called exceptions really constitute but one exception, as they are simply the three grounds on which the defendant relies to maintain his exception to the denial of its motion for a new trial. What is called the third exception is the claim that the verdict is contrary to law. As on a hearing of a motion for a new trial before a justice of the Superior Court he is not permitted to pass upon his own errors of law, if any, the only question open to him for consideration on that ground is whether the jury accepted and followed the law as stated by the court at the trial. *Musk* v. *Hall*, 34 R. I. 126, 127. The defendant does not in its brief refer to this third exception and it is regarded as waived.

As to the ground that the verdict is against the evidence and the weight thereof the defendant urges that the language of the trial justice upon this point, namely, "upon the whole it cannot be said that the jury was not warranted in finding for the plaintiff" is not such an approval of the verdict as should have weight with the court, citing *Frey* v. *R. I. Co.*, 37 R. I. 96, 104, in support of its claim. The language quoted is not open to the criticism made in the *Frey* case. In this case it must be held that the verdict is distinctly approved, although the use of the double negative may seem to qualify the strength of the approval. An examination of the transcript of the testimony shows that it was conflicting and somewhat confused and meagre as to how the accident occurred. This meagreness of the testimony is what might be expected. The accident happened at an early hour in the morning when it was raining hard. Naturally there were few persons on the street to be observant of the occurrence. The car was considerably crowded and as the accident happened while the plaintiff was stepping or had just stepped upon the car the opportunity afforded for many persons to witness precisely what took place was not very good. The jury saw and heard the witnesses and have accepted the plaintiff's account of the occurrence and the court has upheld their verdict. We discover no good reason for concluding that as to the question of the defendant's liability the trial judge erred in sustaining the verdict.

The third ground of the motion for a new trial is that the damages are excessive. The plaintiff was thrown to the street upon her left side and received bruises to her head, arm and hip, some internal injury which was temporary, and a severe nervous shock. Immediately following the accident she suffered greatly from nausea which, about three months before the trial, had practically ceased. She had continued to experience severe pains at frequent intervals and in consequence of her physical weakness had not been able to work since the injury. All the medical testimony was to the effect that at the time of the trial she had no organic

disease and that the whole trouble then consisted of a func-
tional disturbance of her nervous system, called by one
medical expert neurasthenia and by another neurosis.
Dr. Palmer considered the chances of her recovery very
remote indeed, and was of the opinion that she would never
be able to earn her living again at any remunerative work.
This was the strongest medical statement as to the future
duration of the consequences of her injury.   There was no
allegation of permanent injury in the declaration.   Plaintiff
at the time of the accident was a widow, forty-three years
of age, and earning ten to twelve dollars a week.   As already
stated, the damages were assessed at $8,000.   The trial
justice in his rescript says:   "I am not prepared to say that
the damages awarded by the jury are grossly excessive.   "The
defendant claims that this does not indicate an unqualified
approval of the verdict as to damages.   That claim seems
correct.   The statement that damages are not "grossly
excessive" may reasonably be interpreted as implying that
in the judgment of the one using the expression the damages
are excessive, but not grossly so.    A trial judge might so
feel and at the same time not consider himself justified in
disturbing the verdict under the rule adopted by this court
in *McGowan* v. *Interstate Con. St. Ry. Co.*, 20 R. I. 264,
that "unless the verdict is such as to shock the conscience,
and clearly show that the jury must have been influenced
by passion or prejudice, or that they proceeded upon some
erroneous basis in arriving at their conclusion, the court
will not interfere therewith."   In citing this case in *Swanson*
v. *Union R. R. Co.*, 22 R. I. 122, this court said:   "Though
we should have been better satisfied if the amount awarded
had been less, it is not so clearly excessive as to justify our
interference on that ground."   The statement of the trial
judge as to damages in this case may reasonably be inter-
preted as in harmony with these citations.   He has, in fact,
declined to disturb the verdict because excessive in amount.
The defendant cites *MacGregor* v. *R. I. Co.*, 27 R. I. 85,
where the court quoted with approval this statement:   "To

entitle a plaintiff to recover present damages, for apprehended future consequences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury." In that case a verdict of $6,000 was set aside. It may fairly be said that in that case the future consequences of the injury were stated less positively than in the present case, and that there was also error in admitting the Carlisle Life Tables in evidence. In the present case while the damages awarded seem somewhat large we do not regard the amount as so clearly excessive as to feel justified in reducing it.

The defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*J. Jerome Hahn, Raymond P. McCanna,* for plaintiff.
*Clifford Whipple, Frederick W. O'Connell,* for defendant.