GEORGE H. VALENTINE *vs.* ADAM KNOX.

FEBRUARY 28, 1924.

PRESENT:   Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Bills of Exceptions.   Review of Superior Court after Judgment.*
The decision of the Superior Court after judgment in granting defendant's
    petition for allowance of costs, is reviewable by plaintiff upon a bill of
    exceptions.

(2)  *Bills of Exceptions.   Review of Superior Court after Judgment.*
The statutory bill of exceptions has become under the practice of this state,
    such a convenient method for appellate proceedings that the court has
    permitted its use in reviewing supplementary rulings of the Superior Court
    after judgment, rather than the more cumbersome extraordinary processes,
    but such action is not to be regarded as a precedent for any further exten-
    sion of the use of a bill of exceptions beyond that, specifically set down
    in the statute for review of the rulings and decisions of the Superior Court
    made before judgment in an action at law.

*(3)   Replevin.   Costs.*

Gen. Laws, 1909, cap. 336, §§ 4 and 5 (now Gen. Laws, 1923, cap. 387, §§ 4 and 5) provides that after judgment for a defendant in replevin he shall recover "such reasonable costs as shall be adjudged by the court." Held that the word "costs" refers to those matters of reasonable expense which the defendant has incurred in connection with the plaintiff's proceedings before the court not including counsel fees; and expenses incurred in furnishing evidence as to the financial standing of persons offered as sureties upon the bonds, were properly allowed.

REPLEVIN.   Heard on exception of plaintiff and overruled.

SWEETLAND, C. J.   The above entitled cause is before this court upon the plaintiff's exception to the action of a justice of the Superior Court in granting the defendant's petition for allowance of costs.

The decision of the superior court, excepted to, was taken after the entry of judgment for the defendant. The first question is as to the standing of the plaintiff here upon his bill of exceptions. In *Fontaine* v. *The Inlaid Company* 36 R. I. 373, the court refused to consider an exception to the ruling of a justice of the Superior Court upon the matter of the taxation of costs after judgment. That decision was rendered on the ground that there was no express statutory provision for that method of review after judgment. The court has, however, in a number of cases, upon a bill of exceptions, reviewed the rulings and decisions of the Superior Court made after the entry of judgment. *Fox* v. *Artesian Well & Supply Co.* 34 R. I. 260; *Bank* v. *Inman,* 34 R. I. 391; *Milbury & Co.* v. *Rocky Point &c. Co.,* 44 R. I. 458; *Nelen* v. *Wells,* 45 R. I. 424.

The basis of our action in entertaining a bill of exceptions in each of the cases cited was that in the ruling of the Superior Court questions of law were involved which the party aggrieved was entitled to bring to this court for review. Under the constitution and the statute this court has been given broad revisory jurisdiction upon all questions of law and equity, with power to correct errors in courts of inferior jurisdiction, to issue such process, and to

entertain such proceedings as will appropriately bring the alleged error before us. In terms the court is specifically given jurisdiction of bills of exceptions. Art. XII, Sec. 1, of Amendments to the Constitution; Sec. 2, Chap. 322, Gen. Laws 1923; Sec. 6, Chap. 324, Gen. Laws 1923. A bill of exceptions is the medium provided by statute to bring to this court for review rulings and decisions of the Superior Court made before judgment. The procedure prescribed for such statutory bill of exceptions must be strictly observed. This statutory bill of exceptions has become in our practice such a familiar and convenient method for appellate proceedings that we have with some hesitation permitted the use of a bill of exceptions, rather than one of the more cumbersome extraordinary processes, to bring before us supplementary rulings of the Superior Court made in a case after judgment. Such action by us is not to be regarded as a precedent for any further extension of the use of a bill of exceptions beyond that specifically set down in the statute for review of the rulings and decisions of the Superior Court made before judgment in an action at law.

The exception before us is to the action of a justice of the Superior Court upon a petition of the defendant for allowance of his "costs and expenses." The justice allowed what are termed "costs and expenses" in the petition to the extent of $195.60. The case is in replevin. In the Superior Court upon petitions filed by the defendant the plaintiff was ordered to furnish an additional replevin bond, and additional sureties. In connection with these petitions a number of hearings were had before different justices of the Superior Court. The question of the financial responsibility of the sureties furnished by the plaintiff was involved and the defendant was obliged to incur expense to procure and bring before the court evidence as to the real estate holdings and financial standing of the persons offered by the plaintiff as original and additional sureties on the bonds. The plaintiff failed to satisfactorily comply with the order of the Superior Court and his action was dismissed. In

accordance with the statute judgment was rendered for the defendant for return and restoration and for damages and costs. In such circumstances a defendant may have judgment "with such reasonable costs as shall be adjudged by the court." Secs. 4 and 5, Chap. 336, Gen. Laws 1909, now Secs. 4 and 5, Chap. 387, Gen. Laws 1923. The word "costs" in this section refers to those matters of reasonable expense which the defendant has incurred in connection with the plaintiff's proceedings before the court. No claim was made in this case that it included counsel fees and no such item of expense was allowed by the justice. In the circumstances the allowance appears to be reasonable and should not be disturbed.

The plaintiff's exception is overruled. The case is remitted to the Superior Court for further proceedings.

*Lester T. Murphy,* for plaintiff.

*William A. Heathman,* for defendant.