## MARTHA E. HAYNES vs. ALBERT S. GREENE.

APRIL 25, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J. This is an action of assumpsit. The declaration contains a count on book account and the common counts. The plaintiff, an adopted child of the defendant and his wife, claims compensation (1) for services in caring for her mother during her last illness, for twelve weeks at $15.00 per week, $180.00; (2) for services rendered to the defendant, in his house and store, one hundred and fourteen weeks at $5.00 per week, $570.00; and (3) for money had and received by the defendant amounting to $2,154.40. The plaintiff also claims interest on all of these amounts. The plea of the defendant is the general issue.

The case has been twice tried. The first trial resulted in a disagreement. At the second trial the judge presiding

withdrew from the jury the claim of the plaintiff for money had and received and a verdict was rendered for the plaintiff in the sum of $755.76, that being the amount of her other claims, and interest thereon.

The defendant filed a motion for a new trial which was granted.

Both the plaintiff and defendant have filed bills of exceptions, the plaintiff raising questions as to the admission and rejection of testimony; as to the ruling of the court striking out the bank account which is the basis of the claim of the plaintiff for money had and received.

The plaintiff also excepts to certain rulings of the trial justice in refusing and granting requests to charge; to certain parts of the charge, and finally to the decision of the court granting the defendant a new trial.

The exceptions of the defendant are to rulings of the presiding justice as to the admission and rejection of evidence and also to the refusal of the court to direct a verdict for the defendant upon the claim of the plaintiff for money had and received.

The exceptions of the plaintiff relating to the admission and rejection of testimony; to certain rulings of the trial justice in refusing and granting requests to charge as well as to certain parts of the charge we need not consider. The plaintiff obtained a verdict for the full amount of her claims which were submitted to the jury and therefore she can not be said to be aggrieved by any of such rulings.

The exception of the plaintiff to the granting of the motion of the defendant for a new trial cannot be sustained. There is a conflict of testimony as well as some discrepancies between the testimony of the plaintiff herself and her testimony at a former trial, all of which we think would warrant the trial judge in granting a new trial, and thus setting aside the verdict of the jury covering the items of claims submitted to them.

The exceptions of the defendant as to rulings upon the admission and rejection of evidence need not be considered he having been granted a new trial.

The exception of the defendant to the refusal of the trial court to grant his motion to direct a verdict in his favor, upon the claim of the plaintiff for money had and received, we think, in view of the circumstances of this case, is without merit.

The trial court eliminated from the case, and the consideration of the jury, the claim for money had and received on the ground that the plaintiff was seeking to recover the sum of $2,154.40 through the establishment of a trust, and that she could not do so in a proceeding at law but must resort to equity. In this situation we think that the elimination of this claim from the consideration of the jury was all that the defendant could reasonably ask for thus leaving the plaintiff to pursue her claim in equity, if she should see fit so to do, without taking the chances of any complications which might arise through the direction of a verdict in a case at law.

This brings us to the consideration of the action of the trial court in eliminating from the consideration of the jury the claim of the plaintiff for $2,154.40. The question is: Should the plaintiff be permitted to recover as to that item in an action of assumpsit, or must she resort to a proceeding in equity if she seeks to establish a trust.

There are many authorities dealing with questions relating to actions in assumpsit for the recovery of money claimed to be due under a trust. These questions relate, among other things, to privity of contract; to implied promises, &c. Some courts hold that there need be no privity between the parties and that a promise to pay arises, and is implied, from the fact that the defendant has money in his hands belonging to the plaintiff which he has no right to retain. Other cases maintain that want of privity is fatal and still others that an action at law could be maintained upon an implied agreement to return the money.

It does not seem to us that we need to discuss the several lines of authority above referred to for the reason that we have here a specific and controlling question which is not involved in the cases alluded to.

There is abundant authority that an action at law against a trustee for money had and received may be maintained, where the trust has been closed and settled, and the amount due the *cestui que trust* has been established and made certain. As for instance in *Chase* v. *Perley*, 148 Mass. 289, where the trustee had made certain payments in recognition of the trust, a beneficiary might maintain an action at law for the recovery of his share of the remainder, and in *Spencer* v. *Clarke*, Exr., 25 R. I. 163, where the prior relationship between the parties had been that of trustee and *cestui que trust* and a balance due had been agreed upon in the lifetime of the testator, and nothing remained to be done except to pay over the money which the trustee acknowledged to be due, it was held that an action at law might be maintained. In *Blackmar* v. *McLoughlin*, 21 R. I. 487 the plaintiff was permitted to recover in an action at law there being a specific understanding and agreement as to the disposition of the fund and an acknowledgment on the part of the defendant to pay the plaintiff when the full amount of money should come into his hands and also from the fact that the plaintiff's claim was corroborated by the defendant's conduct in making certain prior payments. The question submitted to the jury was not as to the existence of a trust but as to whether it had been agreed to by the parties.

In *Collar* v. *Collar*, 86 Mich. 507 the court held that "where lands were conveyed under a parol trust to sell and convert into money and divide the proceeds, and the trust had been so far executed by the trustee as to sell the land and receive the money, and such trust had been recognized by him, an action for money had and received would lie to recover such money by the person entitled thereto."

In *Gould* v. *Emerson*, 99 Mass. 154, it was held that a child could recover in an action at law for money had and received, against the executor of his father's will, the amount due the former under a policy of life insurance expressed to be for the benefit of the widow and child.

In 26 R. C. L., Sec. 222, p. 1358, we find it stated that "A *cestui que trust* can maintain an action at law against the trustee for money had and received, where the trust has been closed and settled, and the amount due the *cestui que trust* has been established and made certain. But where it is sought to establish or enforce or to pursue and recover trust funds or property wrongfully diverted, the usual method is by a proceeding in equity." In 2 R. C. L., Sec. 35, p. 780, it is stated that "A promise will not be implied where the defendant instead of receiving money as the money of the plaintiff for his use, claims and receives it as his own." See also *Third National Bank of St. Louis* v. *Rice*, 161 Fed. 822. Other authorities might be cited to the same effect if it were necessary to do so.

The specific questions here raised are (1) Is there a trust? and (2) If there is, is the amount due the plaintiff fixed and certain? The plaintiff contends that the defendant holds the sum of $2,154.40 in trust for her. The defendant denies that such a trust exists. The plaintiff claims that she is entitled to recover this amount in an action at law. The sum referred to was a deposit in bank by her mother, Julia Greene. Such deposit was made in the name of "Martha Haynes Julia Greene, Trustee." Later the account was drawn out by the defendant, some five days before Mrs. Greene's death, on an order signed by her. Plaintiff claims that at the time this order was given to the defendant her mother was not in a physical condition enabling her to comprehend her action although she testified that at a subsequent period her mother was in her right mind when she deeded a house to her.

The defendant contends that he is lawfully possessed of the amount in question and that the same belongs to him.

It is evident that the sum in question is not due to the *cestui que trust* under a trust which has been established and made certain and therefore that the remedy of the plaintiff, if any she has, must be sought in equity and not in an action of assumpsit for money had and received.

The exceptions of the plaintiff and defendant are all overruled and the case is remitted to the Superior Court for a new trial.

*William G. Rich, Waterman & Greenlaw, Charles E. Tilley,* for plaintiff.

*Malcolm D. Champlin, James H. Rickard, Jr.,* for defendant.

