HARRY KAMINSKY *vs.* SAM LEVIN.

DECEMBER 1, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEETLAND, C. J.   This is an action of the case in assumpsit.

The case was tried before a justice of the Superior Court sitting with a jury.   Verdict was rendered for the plaintiff in the sum of $406.30.   The defendant duly filed a motion for new trial.   On April 22, 1924, the justice gave his decision granting the motion for new trial unless the plaintiff should within ten days thereafter remit all of the verdict in excess of $325.   In accordance with the statute and the rules of the Superior Court the attorneys of record in the cause received notice of this decision on April 23, 1924.   On April 25, 1924, the plaintiff filed his remittitur in conformity with the decision.   On May 8, 1924 the defendant filed his exception to the decision and gave notice of his intention to prosecute a bill of exceptions to this court.

There has been certified to us from the Superior Court a bill of exceptions filed by the defendant in which he states certain exceptions taken to rulings of the justice made in the course of the trial, but he does not therein rely upon his exception to the decision of the justice on the motion for new trial.

The plaintiff has called to our attention that the defendant's notice of intention to prosecute a bill of exceptions was filed fifteen days after the decision of the justice on the motion for new trial and fourteen days after notice of that decision was received by the attorneys in the case.   For that reason the plaintiff urges that said bill is not properly before us and should be dismissed.

As part of the procedure for prosecuting a bill of exceptions to this court the statute provides that a party who has taken exceptions in the Superior Court shall within seven

days after verdict or notice of decision, but, if motion for new trial has been made, then within seven days after notice of decision thereon, file in the office of the clerk of the Superior Court notice of his intention to prosecute a bill of exceptions to the Supreme Court and shall thereafter take the proceedings in the statute prescribed. Sec. 17, Chap. 348, Gen. Laws, 1923.

The filing of notice of an intention to prosecute a bill of exceptions is the essential initial step in proceedings for review by bill of exceptions. That notice must be filed within seven days respectively after verdict or decision, or notice of decision on a motion for new trial. The defendant did not file his notice of intention to prosecute exceptions to this court until fourteen days after he received notice of the decision, and under the statute his later action was ineffective to bring his exceptions to this court.

The defendant contends, however, that, because the justice in his decision gave the plaintiff ten days thereafter within which he might file a remittitur, the time within which the defendant would be required to file his notice of intention to prosecute his exceptions was thereby extended to seven days after the time limited for filing the remittitur or to seventeen days after the decision. The action of the justice with regard to the remittitur did not affect the explicit requirements of the statute prescribing proceedings for bringing exceptions to this court. *Barker* v. *Barker Artesian Well Co.*, 45 R. I. 297.

The defendant in his oral argument and in his brief has set out at length the inconvenience that arises, and the uncertainty in which a defendant is placed, when a justice of the Superior Court who presided at a jury trial, having found the amount of the verdict to be excessive, files a decision on a motion for new trial, in which decision he fixes the time for filing the remittitur at a date later than the seven days after notice of decision, when proceedings for review by bill of exceptions must be commenced.

In the case at bar such claim of inconvenience and uncertainty cannot fairly be made by the defendant, for the plaintiff filed his remittitur on April 25, 1924, and during four days thereafter, before the end of the period limited by the statute for commencing appellate proceedings, the defendant knew the whole situation. In the circumstances these four days constituted an ample period for taking the initial step in prosecuting exceptions to this court.

The case, however, does suggest what appears to us to be the possibility of an unnecessary inconvenience to litigants. If the justices of the Superior Court agree with this opinion, they might prevent such inconvenience by a change in their practice.

If, upon motion for new trial, the justice who presided at a jury trial finds the verdict to be excessive in amount, the statute provides that he shall not for that reason set the verdict aside "until the prevailing party has been given opportunity to remit so much thereof as the court adjudges excessive." Sec. 12, Chap. 348, Gen. Laws, 1923. The logical procedure under this statute would be to require the plaintiff to elect whether or not he will remit, before the defendant is called upon to decide whether he will bring exceptions to this court. For the course of the defendant may depend entirely upon the plaintiff's action as to a remittitur.

In many cases it would not be unreasonable for a justice to prescribe that, if a plaintiff is willing to remit that portion of the verdict which the justice finds to be excessive, the plaintiff shall file his remittitur within three or four days after receiving notice of the decision, thus leaving to the defendant, after he knows of the action or non-action of the plaintiff, ample time to decide upon his course before the end of the seven days after he receives notice of the decision of the justice.

If in the circumstances of any case it appears that the procedure just suggested would not be reasonable, or if for any other reason the justice does not wish to follow it, we

think the justice, who on a motion for new trial finds the verdict excessive, before filing his decision on the motion, may notify the parties of the amount of the verdict which he finds excessive, and further that until a day named in the notice the plaintiff may have the opportunity of remitting the excessive amount; then after the day named in the notice the justice may file his decision in which he either denies or grants the motion for new trial, depending upon whether the plaintiff has or has not filed his remittitur. It appears to us that this practice would be in harmony with the provisions of the statute and would obviate the inconvenience and uncertainty which has been brought to our attention in some cases before us.

In the case at bar the defendant's bill of exceptions has no standing in this court and the same is dismissed. The papers in the case are ordered to be returned to the Superior Court.

*William A. Heathman*, for plaintiff.
*Leon H. Semonoff*, for defendant.