UNION FABRICS CORPORATION *vs.* TILLINGHAST-STILES
COMPANY.

MAY 14, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This action in assumpsit was tried by a
justice of the superior court sitting with a jury and result-
ed in a verdict for the plaintiff in the sum of one dollar. The
case is in this court on the defendant's bill of exceptions.

The only exception relied upon before us by the defendant is to the decision of the trial justice granting the plaintiff's motion for a new trial, all other exceptions having been expressly waived.

The evidence discloses the following facts. On March 11, 1933, after preliminary correspondence, the parties entered into a contract for the sale of certain yarn by the defendant to the plaintiff. This contract, which was evidenced by written communications introduced as exhibits, described the type of yarn, the price, terms of payment and time of delivery. The time of delivery was described as "Deliveries will advise", which, in the trade, meant delivery at the buyer's option to be exercised within a reasonable time.

The plaintiff called for delivery of some yarn in March 1933. On March 22, 1933, the defendant wrote to the plaintiff that all deliveries must be paid for in advance as the plaintiff's credit, upon investigation, was found inadequate. The market price for yarn in March, April, May and June of 1933 was practically the same as on March 11, 1933, the date of the contract between the parties. Following the defendant's letter of March 22, 1933, the plaintiff made no further calls for the delivery of any yarn under the contract until July 6 and 14, at which times the market price of yarn was considerably higher than in the four preceding months. The plaintiff's evidence as to market price was confined to the months of March and July 1933. The defendant, having refused to comply with the plaintiff's request for delivery of July 6 and 14, unless payments therefor were made in advance, the plaintiff brought this action.

At the close of the testimony in the superior court, the plaintiff requested certain instructions to the jury which were denied by the trial justice and the plaintiff's exception duly noted. In its charge to the jury the court stated, in substance, that the contract between the parties, being

indefinite as to the time of performance, was to be performed within a reasonable time and left it to them to determine what that time was under all the evidence in the case. The court further instructed the jury that, if the plaintiff's requests for delivery of July 6 and 14, 1933, were within the time so fixed by them, the plaintiff's damages were to be determined by the market price of the yarn called for by the contract on those dates, otherwise the damages were to be assessed as of the time "that the merchandise was to be delivered or ought to have been delivered." The plaintiff duly excepted to various portions of the charge as given.

The jury having returned a verdict for the plaintiff in the sum of one dollar, the plaintiff filed a motion for a new trial, claiming that such verdict was against the law, that it was against the evidence and that the damages were grossly inadequate. The trial justice, in a rescript before us, decided this motion in favor of the plaintiff and granted a new trial. Within seven days after this decision, the defendant filed its notice of intention to prosecute a bill of exceptions, but the plaintiff did not comply with the requirements of the statute relating to bills of exceptions to protect its exceptions to the rulings and charge of the trial justice by appellate proceedings. The filing of notice of an intention to prosecute a bill of exceptions within seven days after decision on a motion for a new trial is the essential initial step in proceedings for review by bill of exceptions. *Kaminsky* v. *Levin,* 46 R. I. 250.

A party in a case tried to the jury may be dissatisfied with the verdict for different reasons. He may consider it the result of erroneous rulings by the trial justice during the trial, to which he had duly excepted, or he may view it as the result of error on the part of the jury in construing the evidence or in applying the law as given to them by the court. These grounds are entirely distinct from each other and are not merged by the decision of the trial justice on

a motion for a new trial. The former ground is not before the trial justice on such a motion. He cannot review his own errors of law. *Barry* v. *Kettelle*, 49 R. I. 50; *Mingo* v. *Rhode Island Co.*, 42 R. I. 543; *Greene* v. *Rhode Island Co.*, 38 R. I. 17; *Musk* v. *Hall*, 34 R. I. 126, 128; *Reid* v. *Rhode Island Co.*, 28 R. I. 321. As far as he is concerned, the law that he gave to the jury remains the law of the case. In passing on a motion for a new trial, he is expected to follow that law as scrupulously as the jury is bound to do in reaching their verdict. The latter ground, however, is within the power of the trial justice to hear and determine. In this instance, subject to our well-established rules governing the action of a trial justice on a motion for a new trial, it is his duty to determine whether the verdict of the jury conforms to the evidence and the law as stated to them in the charge. This, in effect, amounts to a review of the verdict in order to correct, if necessary, any error that the jury may have committed in their consideration of the facts or in their application of the law that was given to them as the law of the case. Under our statute relating to bills of exceptions, as consistently construed and applied by this court, we will only consider those exceptions that are brought before us by a bill of exceptions in accordance with the requirements of the statute.

The right of review by bill of exceptions and the manner of its exercise are statutory in their origin. The statute in its present form was first enacted in the Court and Practice Act of 1905. C. P. A. §§ 490-497; G. L., 1923, Chap. 348, Secs. 17-24. In *Hartley* v. *Rhode Island Co.*, 28 R. I. 157 (1907), this court held that the privilege of review by a bill of exceptions is contingent upon a diligent observance of the conditions imposed by the statute and, at page 159 of that opinion, says: "A strict construction of statutes relating to bills of exceptions everywhere prevails. After a litigant has had his day in a court of general jurisdiction, with all the presumptions which exist in favor of the decision of a jury instructed by an educated and experienced

judge, if he desires a review of the case in an appellate court he must apply for it in the time and manner prescribed by the statutes."

Practice, in accordance with this view, has been established by numerous decisions, and bills of exceptions prematurely brought have been frequently dismissed by this court. *Sullivan* v. *White,* 34 R. I. 61; *Barker* v. *Barker Artesian Well Co.,* 45 R. I. 297; *Valentine* v. *Knox,* 45 R. I. 429; *Haynes* v. *Greene,* 46 R. I. 32; *Kaminsky* v. *Levin, supra.* If this court will dismiss a bill of exceptions under such conditions, we fail to see how, at the mere request of a party who appears before us to oppose a bill of exceptions by his adversary, we can entertain alleged exceptions taken by him during a trial which are not before us on a bill of exceptions in his own behalf. There is no case in our reports that countenances such practice.

The plaintiff in the instant case did nothing to protect the exceptions that it had taken to the rulings of the trial justice during the trial. The fact that it had prevailed on its motion for a new trial did not warrant it in assuming that the decision of the trial justice on that motion would not be questioned in a bill of exceptions by the defendant or that such decision would not be disturbed by this court. In order for the plaintiff to protect whatever rights he may have had to a new trial on grounds other than those open to the consideration of the trial justice on the motion for a new trial, it was incumbent upon the plaintiff to comply with the requirements of the statute relating to bills of exceptions. The procedure that it might well have followed is indicated in the two following cases, where the circumstances were somewhat similar to those in the case at bar.

In *Barker* v. *Barker Artesian Well Co., supra,* the trial justice, after verdict for the plaintiff, granted the defendant's motion for a new trial, unless the plaintiff, within ten days from the filing of the rescript, remitted all of the verdict in excess of a certain sum. Six days having elapsed

without the filing of a remittitur, the defendant on the seventh day filed its notice of intention to prosecute a bill of exceptions in accordance with the terms of the statute. Subsequently the decision of the trial justice granting the defendant a new trial became absolute as the plaintiff did not elect to accept the remittitur. While the decision in the case rests on another ground, this court approved the manner in which the defendant protected its right to prosecute a bill of exceptions and, at page 300 of the opinion, says: "As plaintiff had taken no action up to the seventh day, defendant in order to protect its rights was then forced to take the statutory proceedings by filing notice and making payment for the estimated cost of the transcript. Defendant, as thus appears, has not taken any inconsistent action, but on the contrary has followed the prescribed statutory requirements necessary for the protection of its rights. . . ."

In *Newhall* v. *Egan*, 28 R. I. 584, after a verdict for the defendants, the trial justice granted the plaintiff's motion for a new trial. To this decision the defendants prosecuted a bill of exceptions, whereupon, as is stated in that opinion, at page 588: "The plaintiff also filed a bill of exceptions subject to the decision of the Supreme Court upon the defendant's bill of exceptions, and to be relied upon in the event that the defendants' bill of exceptions should be sustained by this court. This set forth two exceptions, only the first of which is now relied on, being the one set forth above to a part of the charge to the jury. These two bills of exceptions, and the transcripts accompanying them, were duly allowed by the trial justice." With the record in this condition, this court entertained the plaintiff's bill of exceptions even though he was then entitled to a new trial under the decision of the trial justice and, finding an error of law that was decisive on the issue of liability, it remitted the case to the superior court solely for the assessment of damages.

The plaintiff in the instant case, having been granted a

new trial by the trial justice, was at liberty to take the chance that such decision would be sustained by this court. But possible considerations of inconvenience did not justify the plaintiff in disregarding the explicit provisions of a statute that, as we have so often and consistently said, must be strictly observed. Having elected to proceed in the manner that it did, the plaintiff cannot complain if we refuse to consider its exceptions that it now urges to the rulings of the trial justice during the trial, notwithstanding that they are not before us on any bill of exceptions, in order to convince us that it is entitled to a new trial whether the decision of the trial justice is sustained or not.

If the plaintiff in the case at bar had taken the precaution that the complaining parties did in *Barker* v. *Barker Artesian Well Co., supra,* and in *Newhall* v. *Egan, supra,* its exceptions would have been properly before us in accordance with the requirements of the statute and we could then have passed our judgment on the exceptions of both parties upon the entire record. As the case now stands, the only exception before us is the defendant's exception to the decision of the trial justice granting the plaintiff's motion for a new trial. The only question to be determined on such an exception is whether the decision ought to stand; not whether the preceding rulings in the case were rightly made. Therefore, the plaintiff's claim of error by the trial justice during the trial cannot be considered by us at this time, because the plaintiff has no exceptions in this court. See *Finnegan* v. *United Electric Rys. Co.,* 52 R. I. 296, 297.

The defendant insists that the trial justice committed error when he granted the plaintiff's motion for a new trial. It contends that, taking the evidence which the jury had to consider and the law as given to them by the court, the rescript of the trial justice fails to state any good reason for his action and, therefore, urges that his disapproval of the

verdict is not entitled to the weight ordinarily given by us to such a decision.

Confronted by this contention, the plaintiff attempts to interpret the rescript. It argues that, if the ground on which the plaintiff's motion for a new trial was granted by the trial justice does not appear in the rescript, "it must be assumed that such motion was granted on the ground that the verdict was against the law and the evidence and failed to do substantial justice." In support of this position, it cites a number of decisions of this court which establish the rule governing the weight ordinarily given by us to the decision of a trial justice on a motion for a new trial. The case of *Somerset Realty Co.* v. *Shapiro*, 51 R. I. 417, is not included among these citations. At page 419 of that opinion we find the court saying: "This court has always given great weight to the opinion of the trial justice on the question of the justice or the injustice of a verdict but his opinion is not conclusive; it must be based upon some valid reason which can be found upon consideration of the record of the court proceedings or in the rescript of the trial justice."

In view of the conflicting claims of the parties, we have examined the entire record in order to satisfy ourselves that every one in interest will be properly protected. As we have already said, the time of delivery under the contract in suit is "Deliveries will advise"; it is not a contract for delivery at a stated time or within a fixed period. The parties agree that, by the custom of the trade, delivery under such a contract is to be requested and made within a reasonable time and the court so instructed the jury in its charge. What constitutes a reasonable time is a question of fact for the jury to determine from the testimony in the case, and their decision on this point should not be disturbed by the trial justice, unless it is unsupported by the evidence. Under the evidence as we find it and the charge as given by the trial justice, the jury was warranted in finding that the reason-

able time within which the plaintiff could properly call for delivery of the yarn expired before July 1, 1933, and in finding also that the evidence did not show that the price at the expiration date was above the contract price. Having so found, they were fully justified in assessing only nominal damages, based on the refusal by the defendant to make a delivery under the plaintiff's order on March 22, 1933, which refusal caused no damage to the plaintiff.

Our examination of the rescript granting the plaintiff's motion for a new trial convinces us that the trial justice was led to his conclusion by a misconception of the testimony on a vital and determinative point in the case. In this rescript the trial justice first refers to the term "Deliveries will advise" in the contract and then says that "the testimony further shows that, in the trade, deliveries under such terms are reasonable calls *up to six months* after the order is entered." (Italics ours.) On a careful reading of the transcript we find no testimony that warrants such statement. We believe that the trial justice made this statement through an erroneous recollection of the following statements in the direct examination of the witness George F. Phillips, who was called by the plaintiff principally to establish the market price of the yarn in July 1933. Q. "On the contracts which you make, Mr. Phillips, in which you have instructions, phrased, for instance, as this Gorse contract was—'as directed' or 'will advise,' those contracts frequently are outstanding for some months, are they not, before they are completed?" A. "Well, of course, the purchaser would have a reasonable time to call the yarn in, I should say." Q. "Well, you have contracts of that type which are outstanding six months or more without any question, haven't you?" A. "I can't tell you." This is the only place in the entire transcript that we have been able to find the words "six months" used in connection with the term "will advise", and then only in a question of plaintiff's counsel which the witness could not answer.

The value of the rescript is seriously impaired, if not completely destroyed, by this misconception of the evidence, which the trial justice uses as a basis for his decision granting the plaintiff's motion for a new trial. From the assumption thus erroneously made he proceeds to treat the contract in suit as if it were a contract to be performed within a definitely fixed time and relies upon the case of *McNear, Inc.* v. *American & British Mfg. Co.*, 44 R. I. 190, which is distinctly a case of that type. The *McNear* case is no authority in the case at bar, where the contract, being indefinite as to the time of performance, is to be performed within a reasonable time, a fact peculiarly within the province of the jury to determine from the facts in evidence. The charge of the court as given clearly left it to them to determine what constituted a reasonable time according to the testimony in the case. This law was as binding upon the trial justice in considering the plaintiff's motion for a new trial as it was on the jury in reaching their verdict. When he followed the *McNear* case in his consideration of the plaintiff's motion for a new trial, he departed from the law that he had previously given to the jury and practically adopted the law as suggested to him in the plaintiff's request for instruction, which he had denied and properly did not charge. This he cannot do under our practice, as the cases above cited by us clearly show.

Upon due consideration of all the facts and circumstances disclosed by the record before us, we are of the opinion that the jury's verdict is supported by sufficient evidence, and that the trial justice was in error when he granted the plaintiff's motion for a new trial.

The defendant's exception is sustained, and the case is remitted to the superior court with direction to enter judgment on the verdict.

*Walling & Walling, Lester. S.· Walling, Ambrose W. Carroll*, for plaintiff.

*Tillinghast, Morrissey & Flynn, Daniel H. Morrissey*, for defendant.