FRANK SEVERIANO *vs.* ANNA DIWINSKY.

MAY 24, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

238

FLYNN, C. J. This is an action of the case for negligence to recover for personal injuries suffered by the plaintiff in an automobile accident. In the superior court a jury returned a verdict in favor of the plaintiff in the amount of $750. The defendant's motion for a new trial, based on the usual grounds and also on the claim of excessive damages, was duly filed and heard and was granted by the trial justice, to which ruling the plaintiff excepted. The case is before us on the plaintiff's single exception to the ruling of the trial justice, granting unconditionally the defendant's motion for a new trial.

The plaintiff contends that it was error for the trial justice to grant a new trial without first fixing the amount of the verdict which he adjudged to be excessive, and in failing to give the plaintiff an opportunity to file a remittitur of such excessive amount. In support of this contention, the plaintiff relies on general laws, 1923, chapter 348, sec. 12, and the cases of *Reynolds* v. *Davis*, 54 R. I. 185 and *Finnegan* v. *United Electric Rys. Co.*, 52 R. I. 296.

The portion of the section of the statute relied upon reads as follows: "The court, after hearing the parties, may set aside the verdict and order a new trial, with or without terms. A verdict shall not be set aside as excessive by the supreme or superior court until the prevailing party has

been given opportunity to remit so much thereof as the court adjudges excessive."

There can be no doubt of the duty of the trial justice, under the provisions of this section, in ordering a new trial solely for the reason that the verdict is excessive. This court has pointed out, on numerous occasions, the nature of this duty and the necessity of compliance therewith by the trial justice. *Reynolds* v. *Davis, supra; Finnegan* v. *United Electric Rys. Co., supra; Page* v. *Avila*, 55 R. I. 52, 177 A. 541.

These decisions all point out the mandatory duty of the trial justice to fix the sum which represents the amount by which the verdict is deemed by him to be excessive. Though sometimes difficult of satisfactory performance, he nevertheless has before him the same evidence upon which the jury was asked to pass their judgment; and his opportunity to pass upon the credibility of the witnesses and the weight of their testimony is equal to that afforded to the jury. Hence, in an ordinary case, where a new trial is to be granted solely on the ground of excessive damages, it is error to grant such a new trial without first giving the plaintiff an opportunity to remit so much of the verdict as the trial justice, in his considered opinion, finds to be excessive.

The cases of *Reynolds* v. *Davis, supra,* and *Finnegan* v. *United Electric Rys. Co., supra,* cited and relied on by the plaintiff, clearly support the above conclusion. But it is important to note, in each of these cases, that the trial justice in his decision clearly showed that he refused to order a new trial upon any of the grounds of the motion therefor, excepting only that of excessive damages.

In the *Finnegan* case, *supra,* in which a motion for a new trial was made upon grounds similar to those set forth in the motion in the instant case, the distinction between the cases is shown from the following language in the opinion: "The trial justice filed a rescript in which he analyzed the testimony and concluded by saying that the plaintiff was

not guilty of contributory negligence and that he could not say that the verdict was against the weight of the evidence on the issue of negligence. He also said he was of the opinion that the damages were clearly excessive and in justice to the defendant granted a new trial on all the issues." It will be seen from the above language that the motion was granted solely upon the ground of excessive damages.

In the *Reynolds* case, *supra*, which cites with approval the *Finnegan* case, *supra*, the court said: "When considering defendant's motion for a new trial on the ground that the verdict was against the weight of the evidence and that the damages were excessive, the trial justice said that defendant admitted liability; that the only issue was the extent of the injury to plaintiff's eye; . . . and granted defendant's motion for a new trial on the issue of damages only, because he felt that the jury were influenced by sympathy for plaintiff." In that case obviously the plaintiff was entitled to some verdict in any event because of the admitted liability, and the only reason for granting the new trial could be the amount of the verdict. In both of the above cases, the court held it to be error in granting the new trial without first giving the plaintiff an opportunity to file a proper remittitur.

In the instant case, the plaintiff has elected to bring his bill of exceptions without accompanying it with any transcript of evidence. He urges that the error of law is ascertainable entirely from a consideration of the trial justice's rescript without reference to the evidence and therefore requires no transcript. In his brief and argument, however, several points were made which refer to the evidence and would require a transcript thereof to properly consider them. The necessity for filing a transcript of evidence, and for complying with the requirements of the statute with reference to bills of exceptions generally, have been treated respectively in the cases of *Giguere* v. *Lapointe,* 56 R. I. 475, and *Union Fabrics Corp.* v. *Tillinghast-Stiles Co.,* 58 R. I. 190.

In the absence of such a transcript, and in the circumstances of the instant case, we are bound to ignore these references and arguments, and to determine the validity of the plaintiff's only exception, upon his contention as it may be supported by the rescript of the trial justice.

From a careful examination of the rescript of the trial justice we are unable to agree with the plaintiff's contention. In our opinion, a fair interpretation thereof, as a whole, clearly establishes that a new trial was not granted solely because the damages were excessive. It seems clear from the rescript itself that a new trial was granted because the trial justice felt that the verdict was contrary to the preponderance of evidence, particularly on the issue of the plaintiff's contributory negligence, and because he felt that therefore substantial justice between the parties required a new trial of all issues.

After setting forth the travel and substantial facts of the case, and the respective claims of the plaintiff and defendant, the trial justice, in his rescript, states: "The plaintiff and the defendant were the only witnesses to the accident. Their versions of the accident create an issue of fact which is usually left to a jury to determine. However, the plaintiff's story raises a serious question of contributory negligence. We don't know, from any testimony, how far away from him the automobile was when he observed it, but we do know that he paid no attention to its speed. It is well settled law that a person about to go into the path of an oncoming vehicle has the duty of first finding out if he can do so safely. If he doesn't do so, but takes a chance that he and the vehicle will not collide, then he is not in the exercise of due care."

The trial justice then goes on to answer a possible objection that the verdict should be allowed to stand because of the conflict upon the facts, by explaining that this was not the ordinary case; that the attitude of the defendant's counsel was such as to generate resentment against the de-

242

fendant, and largely accounted for the verdict and the amount of the damages, which was ridiculous and nowhere near any claim made even by the plaintiff. He then concludes: "The Court feels that the verdict does not do substantial justice between the parties. On the contrary, it is the result of passion and prejudice, aroused, it is true, by defendant's counsel, but nevertheless the basis of the decision. Such a verdict should not be allowed to stand."

It is true that he adverted to the question of excessive damages and indicated that the verdict was excessive. However, the whole context seems to us to indicate that the reference was intended to show that the jury did not decide the issues of the case upon the evidence, but based their findings on all issues upon passion and prejudice, as indicated by the ridiculous amount of the verdict.

In deciding a motion for new trial, unless obviously unnecessary, the trial justice should state in a definite manner his considered opinion upon all of the material grounds relied upon in support of the motion. *Powell* v, *Gallivan*, 44 R. I. 453; *Joslin* v. *Rhodes*, 48 R. I. 123 at 126; *Somerset Realty Co.* v. *Shapiro*, 51 R. I. 417 at 420.

In the usual case brought here by bill of exceptions accompanied by a transcript, the parties and this court are entitled to be informed of the basis of the trial court's decision. The reason for this is that, on a review of such a record, our opinion might hold that the verdict upon the other material issues was supported by the evidence, notwithstanding a contrary decision by the trial justice upon the motion for a new trial, thus leaving only the issue of excessive damages to be determined by us upon the exception to such decision. However, in the instant case, there is no transcript here and we therefore cannot decide differently from the trial judge on the evidence relating to other issues. We assume from his rescript that he performed his duty and that his decision is in accordance with the facts in evidence.

In the instant case, the rescript construed as a whole indicates that the trial justice felt that the jury disregarded the evidence on the question of contributory negligence particularly, and that the verdict was so contrary to the evidence in this respect as to require, for that reason, the granting of a new trial. He did not, expressly or by fair inference anywhere in his rescript, hold that the plaintiff was entitled in any event to a verdict in some amount, even though the jury's verdict may have been deemed to be excessive. In this respect the instant case differs clearly from the cases of *Reynolds* v. *Davis, supra,* and *Finnegan* v. *United Electric Rys. Co., supra,* cited by the plaintiff. In the case before us, having found that the verdict was so contrary to the weight of the evidence, at least upon the question of the plaintiff's contributory negligence, and having decided to grant a new trial on that basis, it was not reversible error to fail to fix the amount of excessive damages, or to fail to grant to the plaintiff an opportunity to file a remittitur.

Under all the circumstances, as we interpret his rescript, the granting unconditionally of the defendant's motion for a new trial was without error.

The plaintiff's exception is overruled and the case is remitted to the superior court for a new trial.

*Rosenfeld & Hagan, John G. Murphy, Charles J. McCabe,* for plaintiff.

*Fergus J. McOsker,* for defendant.