RUTH WAYE

*vs.*

HAROLD DECOSTER AND IRVING STEVENS.

Androscoggin.    Opinion, January 18, 1944.

*John G. Marshall,*

*Frank W. Linnell,* for the plaintiff.

*William B. Mahoney, James R. Desmond,* for the defendants.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

THAXTER and MANSER, JJ. dissenting.

CHAPMAN, J. The above cause comes to this Court upon exceptions by the defendants to an order of a Justice of the Superior Court for judgment upon the verdict rendered by a jury empaneled to try the case. A statement of the proceedings previous to the order is necessary for an understanding of the issues raised by the defendants' bill of exceptions.

The plaintiff in her writ claimed damages for negligence of the defendants. At the trial the jury returned a verdict against both defendants and assessed damages in the sum of $2,500. The defendants duly filed a motion directed to the presiding Justice for a new trial upon the usual grounds. It was claimed that the verdict was unjustified under the evidence and that the damages assessed were excessive. This motion was made in accordance with R. S. Chap. 96, Sec. 60, which provides that the presiding Justice may set aside a verdict and grant a new trial if in his opinion the evidence demands it. It is the established law that it is within the authority of the Justice to enter an order unconditionally granting such motion or, if he deems the verdict faulty only by reason of excessive damages, to make an order granting a new trial *unless* the plaintiff shall, within a specified time, file a remittitur of all damages in excess of an amount named in said order.

Section 59 of the chapter referred to provides that a litigant, believing himself aggrieved at a verdict, may file in the Superior Court a motion for a new trial, to be heard and decided by this Court upon the evidence, transcript of which and copy of the record must be furnished by the moving party and filed within such time as the presiding Justice may order. This motion, so entered upon the docket of the Superior Court, is, upon filing of the transcript of the evidence and copy of the record by the movant, certified by the Clerk of that Court to the Clerk of this Court for entry upon the docket of this Court. This Court, upon entry upon its docket of such a motion, accompanied by the transcript of evidence and copy of record, has the same authority as to the grant or denial of a new trial as the Justice of the Superior Court.

Thus, previous to the enactment of Chap. 66 of the Public Laws of 1939, amendatory of R. S. Chap. 96, Sec. 60, a litigant aggrieved could seek his remedy in either Court. He was, however, obliged to make choice between the two tribunals, and a motion to the presiding Justice precluded a resort to the Ap-

pellate Court either by motion or exceptions. *Averill* v. *Rooney,* 59 Me., 580; *Dinsmore* v. *Weston,* 33 Me., 256. A motion to either tribunal operated as a waiver of right to apply to the other. This rule, however, was abrogated by Chap. 66 of the Public Laws of 1939, which reads as follows:

"If such decision is unfavorable to the moving party, no judgment shall be entered in the action until the expiration of 10 days thereafter, during which period such moving party may file another motion to have the verdict set aside as against law or evidence as provided in section 59, without prejudice by reason of the denial of the previous motion by the presiding justice, and all proceedings thereon shall be in accordance with the provisions of said section 59."

Upon the defendants' motion for a new trial the presiding Justice entered an order, the essential part of which was as follows:

"The motion is sustained in this case unless within twenty (20) days from the filing of this decree, plaintiff shall file a remittitur with the clerk of courts of Androscoggin County of all of the amount recovered in excess of $1,500."

Subsequent to the filing of the order by the presiding Justice and within ten days of the time when the order was filed, the defendants filed in the Superior Court a motion authorized by Sec. 59, as we have before outlined, asking a new trial on the same grounds as presented in their motion to the presiding Justice, except that the allegation that the damages were excessive was omitted. No transcript of the evidence or copy of the record was filed by the defendants and no order as to the filing of the same was obtained or asked for from the presiding Justice.

The twenty days named in the order of the presiding Justice,

in which a remittitur might be filed, passed without such remittitur being filed. The defendants did nothing further to complete their second motion. The same, however, was certified by title only, without transcript of evidence or copy of record by the Clerk of that Court to the Clerk of this Court, who entered it upon this docket.

The plaintiff filed a motion to this Court to dismiss for want of prosecution, which motion was denied, but the Court ruled that the motion of the defendant, being unaccompanied by a transcript of the evidence, was improperly upon its docket, and dismissed it therefrom for that reason. When the dismissal was ordered, the Court had before it no record of the case. There was upon its minutes only the notation on its docket of entry of the case by its title. It did not, and could not then, pass upon any proceedings in the Superior Court and its order of dismissal from this docket carried no intimation of what was the status of the case in the Superior Court.

A motion was thereupon made in the Superior Court by the plaintiff for judgment in the full amount of the verdict of the jury. The presiding Justice issued his order granting the motion and to this order the defendants filed exceptions.

Did the defendants' second motion waive their first motion and vacate the order of the presiding Justice made thereon? If such was its effect, the defendants, having failed to carry through their second motion, there was nothing pending in the case as it stood in the Superior Court at the time of the motion of the plaintiff for judgment upon the verdict to prevent the granting of that motion by the presiding Justice, the granting of which is the subject of the exceptions. On the other hand, if the second motion did not vacate the conditional order for a new trial, the order became unconditional and absolute upon the expiration of the twenty day period by the failure of the plaintiff to file remittitur as required if she would prevent the order for a new trial becoming effective. That the order did become effective is the contention of the defendants.

It was the clear intent of the amending statute to give to the aggrieved litigant, in place of a choice of one of the two tribunals, access to both, the motion to the Appellate Court to be exercised upon "denial" of his previous motion to the presiding Justice. It cannot be gainsaid that the order filed by the presiding Justice was neither a grant or denial of a new trial asked for by the defendants. It would not be either until the plaintiff had exercised her option of filing the remittitur or allowing the twenty day period to elapse without so doing. The statute is so worded, however, that the litigant must file his motion to the Appellate Court within ten days after the filing of the decision by the presiding Justice, and this is so, even though by reason of the provision as to remittitur that order has not become effective as a grant or denial of the motion. To hold that the filing of a second motion within the ten day period provided, and before the exercise of the option by the plaintiff as to remittitur, is a waiver of the first motion, would be to limit the litigant to one tribunal. Under such ruling if the litigant filed his second motion he would lose his motion to the presiding Justice before the order thereon has become either a grant or denial. If, on the other hand, he should wait until the order of the presiding Justice has matured as to its effect, he would lose his right to invoke the jurisdiction of the appellate court. It is contrary to the purpose of the statute to impose such a limitation. The filing of the second motion before the expiration of the ten day period was a compliance with the terms of the statute and indicated only an intent to preserve the right to invoke the jurisdiction of the appellate court if the order of the presiding Justice, by filing of the remittitur by the plaintiff, became effective as a denial of a new trial. Such was the reasoning in *Hull* v. *Bell Bros.*, 54 Ohio State, 228, 43 N. E., 584. The statute of that state provided for an appeal to the Circuit Court and also process designated as "prosecuting error" to the Supreme Court. The defendant gave notice of appeal and also filed notice of prosecuting error within the time allowed for that procedure,

but before final action upon his appeal. The Court said:

"We are not aware of any statutory provision, or rule of law which prevents a party who has taken an appeal from a judgment, from also prosecuting error to obtain its reversal. When doubtful of his appeal, that may be a prudent and commendable practice; otherwise, if his right of appeal should not be determined until after the expiration of the time allowed for prosecuting error, and then be determined adversely to him, thus leaving the judgment in force, his remedy on error would be lost."

This language was repeated in *Jennie* v. *Walker*, 80 Ohio State, 100, 88 N. E., 123. A similar conclusion was reached by the Rhode Island Court in *Lagace* v. *Belisle Bros.*, 45 R. I., 200, 121 A., 395, and in *Barker* v. *Barker Artesian Well Co.*, 45 R. I., 297, 121 A., 117.

The statute of that state gave the right of a motion to the presiding Justice for a new trial and right of exceptions to the Appellate Court, notice thereof to be filed within seven days from notice given by the Clerk of Courts of decision upon the motion to the presiding Justice. In each of these cases the defendant filed motion to the presiding Justice, who issued an order for a new trial unless remittitur should be filed within ten days. Within seven days from the date of notice by the Clerk the defendant also filed notice of intention to prosecute a bill of exceptions. The plaintiff failed to file the remittitur within the ten days allowed. It was held that the filing of the bill of exceptions was not inconsistent with the maintenance of his motion to the presiding Justice and that, when the plaintiff failed to file the remittitur within the ten day period allowed, the order became final as a grant to a new trial. Denying the exceptions in each of these cases, the Court returned the same to the Superior Court for a new trial, in accordance with the order of the presiding Justice.

If it be claimed that the plaintiff was misled by the second

motion and therefore failed to file remittitur, and that the defendants should be stopped from asserting their rights to the benefits from the order of the presiding Justice, it must be upon the assumption that the plaintiff intended to file the remittitur, and as to her intention in this respect nothing appears in the record. But it must be also said that a litigant is not justified in interpreting the purpose of the pleadings of the opposite party except according to the legal import thereof. The filing of the second motion did not constitute a waiver of the first motion not vacate the pending order of the presiding Justice, and the plaintiff was not entitled to so interpret it. But aside from the legal interpretation of the import of the filing of the second motion, we see nothing to mislead or confuse the plaintiff. She had failed to indicate her intention as to filing the remittitur and she knew that therefore the defendants were unable to determine what whould be the final effect of the order of the presiding Justice and that a right to invoke the jurisdiction of the appellate court must be secured by filing the motion within the ten day period. It was also apparent that it would hardly be in the interests of the defendants to waive the order already issued, potentially a grant of a new trial, and to substitute therefor the more complicated and expensive process of a motion to the appellate court with the uncertainty of the result to be obtained.

The result arrived at we believe must follow from the application of correct legal principles and we find nothing in the record of the instant case to indicate that such result is otherwise than in the furtherance of justice. On the other hand it might well be questioned, if justice had resulted, if the plaintiff were to have judgment upon a verdict which the Justice who had presided at the trial and heard the evidence, had judicially pronounced to be excessive by two-thirds of the maximum amount that the jury was justified in awarding.

It must be held that at the expiration of the twenty days given in which to file a remittitur the order of the presiding

Justice of the Superior Court became effective as the grant of a new trial. The plaintiff was therefore not entitled to judgment upon the verdict.

The entry must be:

> *Exceptions sustained.*
> *Case remanded to the*
> *Superior Court for a*
> *new trial, as ordered*
> *by the presiding Jus-*
> *tice of that Court.*

## Dissenting Opinion

THAXTER, J.   I cannot concur in the opinion in this case. The interpretation which it puts on the statute in question not only does violence to the language which the legislature has used but injects confusion into a procedure which should be simple.

What is meant by the word "decision" in the statute? It refers to the order of the presiding justice which in this case granted a new trial conditionally. He had acted on the motion of the defendants; his authority over the case was ended; and his ruling was no less a decision because the new trial was granted on a condition, viz., the plaintiff's refusal within twenty days to give up $1,000 of the award. This is not a case, like some of those cited in the opinion, which deals with a statute giving a right of appeal from an order either granting or refusing a new trial, under which circumstances we should have no hesitation in holding that the right of appeal does not accrue until the order becomes absolute. Our statute is different. We are concerned not with an appeal from such an order but with an independent motion addressed to the Law Court, and particularly with the time within which the motion must be filed. The statute on this point is clear and explicit. Pub. Laws 1939, Chap. 66.

"If such decision is unfavorable to the moving party, no judgment shall be entered in the action until the expiration of 10 days thereafter, during which period such moving party may file another motion to have the verdict set aside as against law or evidence as provided in section 59, without prejudice by reason of the denial of the previous motion by the presiding justice, and all proceedings thereon shall be in accordance with the provisions of said section 59."

The defendants by their motion asked for a new trial unconditionally; and it cannot be denied that they had the right to treat the conditional grant of the new trial as an unfavorable decision. They were placed in no dilemma by having to file their motion addressed to the Law Court within ten days thereafter. To be sure such filing was in a sense an election; but the choice which they made could have had no adverse consequences for them. If they had been willing to pay the amount of the award as reduced by the presiding justice, all that they needed to do was to wait for the twenty-day period fixed by the presiding justice to run to find out if the plaintiff would file the remittitur. If the plaintiff did not file the remittitur, the defendants automatically got the unconditional new trial for which they had asked. By filing their second motion addressed to the Law Court, the defendants in effect said to the plaintiff: "We elect to treat the decision of the trial justice as a denial of our motion for a new trial. We shall not pay the reduced amount of $1,500 even if you file the remittitur." That this was their intent is made crystal clear by their brief which is before us. In fact they say that their purpose in filing the second motion was to protect their "right to have the case passed upon by the Law Court under the amended statute in the event that the plaintiff filed the remittitur within the time fixed by the Court in its decision." Under these circumstances, why was there any reason or purpose in the plaintiff's filing the remitti-

tur? Should the defendants, having by their conduct placed the plaintiff in this position, then be permitted to shift their ground and claim that a new trial has been given to them by reason of the plaintiff's failure to take action which they had in effect said would be futile? Did not the plaintiff have the right to assume that the question was from that time on committed to the Law Court? It was the plaintiff, rather than the defendants, who was placed in a dilemma, a dilemma as it were in retrospect, occasioned solely by the construction which this court has put on the statute in question.

A statute such as ours is unusual. In fact our attention has not been called to a similar one in any other jurisdiction. For this reason, as we have suggested, the cases cited in the opinion are not in point. It is, however, significant that in the only jurisdiction where the status of an order granting a new trial conditionally has been considered, the ruling has been in accord with the views which we here express. *Kaminisky* v. *Levin,* 46 R. I., 250, 126 A., 641. In this Rhode Island case a motion for a new trial addressed to the presiding justice by a defendant was granted unless the plaintiff should within ten days file a remittitur. The Rhode Island statute provided that exceptions must be prosecuted within seven days after notice of decision on a motion for a new trial. The court held that exceptions were too late, if filed more than seven days after notice of the decision, although within seven days from the limit of time fixed for filing the remittitur. The court said, page 252: "The action of the justice with regard to the remittitur did not affect the explicit requirements of the statute prescribing proceedings for bringing exceptions to the court." The significance of this opinion is that the court did not regard it as even open to question that the time commenced to run from the date of the notice of the decision of the presiding justice granting a new trial conditionally.

One thing more. The decision which the majority of this court now renders is inconsistent with the action which we have

already taken in this case. The defendants' motion came before us at a previous term. The order which we then entered reads as follows:

"The motion to overrule for want of prosecution the general motion for a new trial on which this case comes forward is denied. It appearing, however, that a report of the evidence has not been prepared as required by Rule XII (This should read Rule XVII) of the Supreme Judicial and Superior Courts, the case is dismissed from this docket."

Did we not in effect say: "The motion for a new trial is properly before us except for the fact that the defendants have not filed a report of the evidence as required by Rule XVII"? If the motion had at that time no effect whatsoever, as the opinion of the court now holds, why did we not give that invalidity as the reason for dismissing it? What better reason could have been found? By dismissing the motion in the form we did, we in effect said to counsel: "If you get from the judge below an extension of time for filing the evidence and file the report of evidence within the time fixed, we will hear your motion." And we quite plainly told the presiding justice: "You have two alternatives (1) grant an extension of time to the defendants if they wish it; or (2) if they will not ask for that, you must enter judgment on the verdict." The presiding justice took us at our word and, on the defendants' refusal to ask for the extension, entered the order for judgment. Are we now to overrule him for doing exactly what we told him to do?

In our opinion the exceptions should be overruled. Manser, J., joins in this dissent.